UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

---

STATE FARM FIRE &
CASUALTY COMPANY,

        Plaintiff,

        v.                                     Case No. 12-C-0807

EASY PC SOLUTIONS LLC,
WILDER CHIROPRACTIC, INC.,
WRT SPECIALTIES, INC.,

        Defendants.

---

DECISION AND ORDER GRANTING WILDER CHIROPRACTIC, INC.'S
MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL
PROCEDURE 12(b)(1) (DOC. 13) AND DISMISSING CASE FOR LACK OF
SUBJECT MATTER JURISDICTION

State Farm Fire & Casualty Company ("State Farm") filed this federal action seeking a declaratory judgment that its business policy number 99-08-1348-5 does not provide coverage to Easy PC for a $8,861,128.38 stipulated judgment entered in Waukesha County Circuit Court. The stipulated judgment resolved a Telephone Consumer Protection Act ("TCPA") class action complaint filed by Wilder Chiropractic. In the complaint filed with this court, State Farm asserts that WRT Specialties, Inc. is the named insured on the business policy. Wilder Chiropractic moves to dismiss, arguing lack of subject matter jurisdiction or abstention in deference for parallel proceedings in Illinois state court.

A motion to dismiss under Rule 12(b)(1) challenges the jurisdiction of this court over the subject matter related in the complaint. *See* Fed. R. Civ. P. 12(b)(1). In reviewing the complaint in regard to a motion to dismiss, all well-pleaded facts are assumed to be true, and those facts, as well as the reasonable inferences therefrom, are viewed in the light most favorable to the plaintiff. *Gutierrez v. Peters*, 111 F.3d 1364, 1368-69 (7th Cir. 1997).

In determining subject matter jurisdiction, the court may look "beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue . . . ." *Capitol Leasing Co. v. Federal Deposit Insurance Corp.,* 999 F.2d 188, 191 (7th Cir. 1993) (per curiam) (quoting *Grafon Corp. v. Hausermann*, 602 F.2d 781, 783 (7th Cir. 1979)).

BACKGROUND

Plaintiff, State Farm Fire & Casualty Company ("State Farm"), is an Illinois corporation with its principle place of business in Illinois. (Doc. 1 at 1.) The defendants consist of three entities: Wilder Chiropractic, Inc. (a Wisconsin corporation;"Wilder"); Easy PC Solutions LLC (a Wisconsin limited liability company;"Easy PC"); and WRT Specialties (a Wisconsin corporation;"WRT"). (Doc. 1 at 2-4.) State Farm issued business policy number 99-08-1348-5 to WRT Specialities, Inc., effective from March 23, 2010, to March 23, 2011. (Compl. ¶ 8, Ex. A.)

On September 27, 2011, Wilder filed a class action complaint against Easy PC in Waukesha County Circuit Court challenging Easy PC's practice of faxing unsolicited advertisements. (Doc. 1, Ex. B at ¶¶ 1, 3.) According to the complaint, on or about September 30, 2010, October 11, 2010, and October 18, 2010, Easy PC and John Does 1-10 transmitted three unsolicited facsimiles to Wilder without invitation or permission. (*Id.,* at ¶¶ 11-16.) Wilder alleged violations of the Telephone Consumer Protection Act ("TCPA"), 47, U.S.C. § 227, and conversion under Wisconsin law. (*Id.*)

WRT, which is also alleged to be the manager of Easy PC, tendered the defense of the Wilder complaint to WRT's State Farm agent in October of 2011. (Compl. at ¶ 11.) State Farm denied the tender. (*Id.*)

2

On May 2, 2012, the Waukesha County Circuit Court, entered an order certifying the class, preliminarily approving the class action settlement and approving the class notice based on the parties' stipulation and settlement agreement. (Doc. 14-1.) The state court found that the defendant sent 20,691 unsolicited faxes on September 28, 2010, October 7, 2010, and October 16, 2010, of which 16,500 were received by 5,500 persons. (*Id.,* at ¶ 4.) In addition, the court determined that Easy PC tendered the lawsuit to State Farm to defend and indemnify, that State Farm failed and refused to defend, and that State Farm claimed that it had no obligation to do so. (*Id.*, at ¶ 4(e)-(f).) A Fairness Hearing was scheduled for July 10, 2012. (*Id.*, at ¶ 7.)

On July 10, 2012, the state court approved the settlement agreement between Wilder and Easy PC for $8,861,128.38 for violations of the TCPA. (Doc. 17 at 1.) Moreover, it approved Easy PC's assignment to the Wilder class a right of action against every insurer covering Easy PC from September through October 2010, including State Farm in accordance with the settlement agreement. (Doc. 1-3 at ¶ 8.) Easy PC accepted the judgment against it in exchange for assigning its rights against State Farm to the Wilder class, which agreed to execute the judgment only against State Farm. (Doc. 17 at 1.) With roughly 5,500 people within the Wilder class, each member's share was $1,611.11. (Doc. 13 at 2.)

State Farm filed this declaratory action on August 8, 2012. (Doc. 1.) Although it acknowledges coverage of WRT from September through October 2010, it does not recognize Easy PC as an insured under policy 99-08-1348-5 with WRT. (*Id*., at ¶ 16.)

On April 20, 2012, Wilder filed a declaratory action in Illinois state court requesting an order directing State Farm to indemnify Easy PC for the judgment entered against it in

3

the Waukesha County Circuit Court. (Doc. 17, Ex. A at 20.) The complaint did not name WRT as a party. (*Id.*) Subsequently, State Farm filed a motion to dismiss the Illinois case and the Illinois state court granted the motion to dismiss citing forum non conveniens. (Doc. 22, Ex. B.)

On May 8, 2013, Wilder filed a motion to reconsider and stay the Illinois case. (Doc. 24, Ex. A at 1.) Wilder asserted that dismissal in Illinois state court is not dependant on the viability of the action in that court, but rather it depends on the outcome of this case regarding subject matter jurisdiction in federal court. (Doc. 24, Ex. A at 1-2.) It furthered argued that staying the Illinois action is more efficient than dismissal in the event that this court dismisses the action, since the parties would not have to file entirely new actions otherwise. Moreover, Wilder alleged that staying in the Illinois case could would not prejudice State Farm. (*Id.*, at 2.)

## DISCUSSION

Citing *Travelers Property Cas. v. Good*, 689 F.3d 714 (7th Cir. 2012), Wilder maintains that 28 U.S.C. § 1332 is not satisfied where a declaratory judgment action seeks a ruling regarding an underlying class action judgment and the claims against the insurer were assigned pursuant to a settlement agreement. Moreover, it argues that each claim is less than $75,000, and that the claims cannot be aggregated to satisfy the jurisdictional minimum.

To invoke the diversity jurisdiction of the federal courts, a party must establish that diversity of citizenship is complete and that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). Here, removal was premised on complete diversity inasmuch as State Farm alleged that it is an Illinois

4

corporation with its principle place of business in Illinois, and each defendant is a Wisconsin corporation or a limited liability corporation organized under the laws of Wisconsin. However, the allegations about Easy PC were defective as the citizenship of an LLC is determined by the citizenship of its individual members. *See Thomas v. Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007).

Nevertheless, State Farm must establish that the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332. The general rule is that the claims of multiple litigants cannot be aggregated to reach the jurisdictional amount in controversy. *See Snyder v. Harris*, 394 U.S. 332, 335, 89 S. Ct. 1053, 22 L. Ed. 2d 319 (1969). Ultimately, it is the burden of the party asserting federal jurisdiction to show that it is proper. *Good*, 689 F.3d at 722 (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189, 56 S. Ct. 780, 80 L. Ed. 1135 (1936)).

State Farm argues that its named insured, WRT, never assigned its rights to the insurance policy. Hence, the controversy regarding liability under the subject policy remains between State Farm, the insurer, and WRT, the insured, and whether State Farm has an obligation to indemnify the $8,861,128.38 judgment entered in Waukesha County Circuit Court.[1]

The Seventh Circuit ruled in *Meridian Security Insurance Co. v. Sadowski* that an insurer satisfied the amount in controversy requirement where it sought a declaratory judgment that its liability policy did not cover a suit under the TCPA pending in state court against the insured. *See Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536 *(*7th Cir.

---

[1] State Farm assumes without addressing that WRT is the real party in interest notwithstanding the settlement agreement between Easy PC and Wilder and the assignment of the policy proceeds to the individual class members.

5

2006). There, the anti-aggregation rule did not apply because there was "a federal declaratory-judgment action between a single plaintiff and a single defendant." *Meridian*, 441 F.3d at 539. The court so held even though the unitary controversy between the parties reflected the sum of many smaller controversies. *Id*., at 539.

The parameters of diversity jurisdiction were further defined last year in a case involving the assignment of insurance proceeds. In *Good*, the Seventh Circuit distinguished the class action suit arising from violations of the Fair and Accurate Credit Transactions Act of 2003, from the class action in *Meridian*. *Good*, 689 F.3d at 718. The court held that the decisive difference was that, in *Good*, the defendant had already assigned its claims from the approved settlement to the class members. *Id.* This assignment changed the once "unitary controversy" between an insurer and its insured to a multi-party dispute between one defendant and thousands of class claimants. *Id.*

Tracing the origins of the anti-aggregation rule, the Seventh Circuit noted a difference between"separate and distinct interests," which cannot be aggregated to reach the jurisdictional minimum, and "common and undivided interests, which can be aggregated." *Id.* at 719. The court used the opportunity to adopt, in accord with other circuits, the *Eagle Star* formula regarding aggregation. *Id.,* at 722, citing *Eagle Star Ins. Co. v. Maltes*, 313 F.2d 778, 781 (5th Cir. 1963). Aggregation is allowed "only in those situations where there is not only a common fund from which the plaintiffs seek relief, but where the plaintiffs also have a joint interest in that fund, such that . . . plaintiffs; rights are . . . affected by the rights of co-plaintiffs." *Id.* (citing *Eagle Star Ins. Co. v. Maltes*, 313 F.2d 778, 781 (1963)).

6

Consequently, in this matter the court must consider whether the stipulated Waukesha County Circuit Court judgment gave rise to a common fund from which the plaintiffs seek relief. "A common fund exists when 'plaintiffs share[] a preexisting (pre-litigation) interest in the subject of the litigation.'" *Good*, 689 F.3d at 722 (quoting *Gilman v. BHC Sec., Inc.*, 104 F.3d 1418, 1427 (2d Cir. 1997)) ("where there is a 'single indivisible res, such as an estate' or 'a piece of property . . .' it makes sense to think of co-parties' claims to the res as 'common and undivided.'"); *see e.g.*, *Holtzman, C.P.A. & Assocs. Ltd. v. Turza*, 2013 WL 4506176, *5 (7th Cir. Aug. 26, 2013) (finding no common fund in a TCPA class action because the individuals, not the class, had an interest in their own separate damages resulting from their own individual harms caused by the defendant); *Griffith v. Sealtite Corp.*, 903 F.2d 495, 498 (7th Cir. 1990) (stating that claims for wages under a single employment contract were "separate and distinct" and consequently could not be aggregated to meet the requisite amount in controversy).

As discussed above, the court in *Good* held that the claims of class members against the insurer did not come from a common fund after assignment of the settlement was approved. *Good*, 689 F.3d at 722. Similarly, in *Gilman v. BHC Securities, Inc.*, 104 F.3d 1418 (2d Cir. 1997), the Second Circuit held that the class members' claims did not constitute a "single indivisible res" as required for aggregation based on a common fund, where the class members pursued claims against a single defendant for illegally charged "order flow payments" on securities transactions. *Gilman v. BHC Secs., Inc.*, 104 F.3d 1418, 1423 (2d Cir. 1997). There, the court explained that the claims were separate as each one had the potential to be adjudicated individually, and the claims did not implicate the rights of everyone involved in the res. *Id*., at 1423, 1427-28. Thus, the Second Circuit

7

concluded that aggregation of the funds was not proper, and BHC did not meet its burden in establishing the amount in controversy. *Id*., at 1423, 1428.

Applying the *Eagle Star* formula, this court finds the amount in controversy requirement is not satisfied because there is not a common fund among the Wilder class members. Much like the class members in *Good*, the Wilder class members suffered separate and individual harms from the faxes sent to them by Easy PC. The Waukesha County Circuit Court found that Easy PC sent 20,691 unsolicited faxes, of which 16,500 were received by 5,500 people. (Doc. 14-1 at 3.) Based on these separate harms, the proceeds from the settlement agreement to the class members do not qualify as a common fund. Moreover, because the *Eagle Star* test "allow[s] aggregation only in those situations where there is *not only* a common fund from which the plaintiffs seek relief, but where the plaintiffs *also* have a joint interest in that fund . . . ," the court declines to decide if a joint interest exists in this case. *Good*, 689 F.3d at 722 (quoting *Eagle Star Ins. Co. v. Maltes*, 313 F.2d 778, 781 (5th Cir. 1963)) (emphasis added).

Mindful that assignments may be manipulated to defeat jurisdiction, this court notes that the defense of the Wilder suit was tendered almost eight months before the proposed assignment was approved by the Waukesha County Circuit Court. Hence, the assignment did not have the effect of preventing State Farm from securing a federal forum to resolve its controversy. "Before the assignment, the amount-in-controversy requirement would have been met." *Good*, 689 F.3d at 723 (citing *Meridian Security*, 441 F.3d at 539.) Regardless, because there is no interest in a common fund, the court need not further discuss whether the class members have a joint interest in the fund or whether abstention is appropriate. Consequently,

8

IT IS ORDERED that Wilder Chiropractic, Inc.'s motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) is granted.

IT IS FURTHER ORDERED that this case is dismissed.

Dated at Milwaukee, Wisconsin, this 27th day of September, 2013.

BY THE COURT

/s/ C.N. Clevert, Jr.
C.N. CLEVERT, JR.
U.S. DISTRICT JUDGE

.